Case 1:14-cv-07893-AT-JLC   Document 9   Filed 05/27/15   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FRANK E. TEXIDOR,                                          :
                                                           :     **REPORT AND**
                        Plaintiff,                         :     **RECOMMENDATION**
                                                           :
                                                           :     14-CV-7893 (AT) (JLC)
         - against -                                       :
                                                           :
N.Y.C. DEPT. OF CORRECTIONS, *et al.*,                     :
                                                           :
                        Defendants.                        :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Analisa Torres, United States District Judge:**

   *Pro se* Plaintiff Frank E. Texidor commenced this action on September 29, 2014 against

N.Y.C. Dept. of Corrections ("DOC"), N.Y.C. Correctional Health Services, Bellevue Hospital

Center, and Dr. Stephen Russell, M.D ("Russell"), alleging that he received inadequate medical

care during his detention at Rikers Island ("Rikers") in early 2014. (Dkt. No. 1).

   By Order dated November 20, 2014, the Court dismissed Texidor's claims against DOC,

an entity that cannot be sued, and N.Y.C. Correctional Health Services, an entity that does not

exist (Corizon Health Services, not "N.Y.C. Correctional Health Services," provides health care

to Rikers detainees), and because, in any event, Texidor did not allege that Rikers medical staff

denied him adequate health care or otherwise violated his constitutional rights. (Dkt. No. 6). As

to the remaining defendants, Bellevue Hospital Center and Russell, the Court directed Texidor,

who is proceeding *in forma pauperis*, to complete a USM-285 form for each defendant and

return those forms to the Court by December 22, 2014 in order to effect service through the U.S.

Marshals Service (or to notify the Court in writing by said date that he did not wish to use the

Marshals Service and request that a summons be issued directly to him). *Id.* The Court warned

Texidor that if he did not return the USM-285 forms or request a summons by December 22, 2014, and if he did not effect service within 120 days of the date the summons was issued or request an extension of time in which to do so, the Court could dismiss the case under Rules 4(m) and 41(b) for failure to prosecute. *Id.*; *see Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

As of February 19, 2015, Texidor had not yet returned the USM-285 forms to the Court and, following Judge Torres' referral of this action for general pretrial supervision to the undersigned (Dkt. No. 7), the Court directed Texidor to do so promptly. (Dkt. No. 8). He was reminded once again that he must serve the remaining defendants under Rule 4(m) within 120 days of filing his complaint, here September 29, 2014, or risk having his complaint dismissed. *Id.*

To date, the Court has neither received the USM-285 forms from Texidor nor an application for an extension of time that shows good cause for such failure. No defendants have been served. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court –
> on motion or on its own after notice to the plaintiff – must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

The 120-day period permitted under Rule 4(m) has expired.

For these reasons, and because this is not a case in which there is a basis in the record for the Court to exercise its discretion to grant an extension in the absence of good cause, *see Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007), I recommend that the claims against Bellevue Hospital Center and Russell be dismissed *sua sponte* pursuant to Rule 4(m) and this action be

dismissed without prejudice. *See, e.g., Prophete v. New York Police Dep't*, 383 F. App'x 77, 78 (2d Cir. 2010) (affirming *sua sponte* dismissal of *pro se* plaintiff's complaint for failure to timely serve); *Redd v. Phillips*, 348 F. App'x 606, 607 (2d Cir. 2009) ("Although the fact of incarceration entitles a plaintiff to rely on the United States Marshal's Service to effectuate service, the plaintiff must provide the information necessary for the Marshal to serve the defendant."); *Melendez v. City of New York*, No. 12-CV-9241 (AJN), 2014 WL 6865697, at *4 (S.D.N.Y. Dec. 4, 2014) (*sua sponte* dismissal pursuant to Rules 4(m) and 41(b)); *Smith v. New York City Police Dep't*, No. 06-CV-15436 (JSR) (KNF), 2008 WL 4449333, at *1 (S.D.N.Y. Oct. 2, 2008) (same).

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Torres.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson,*

3

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72.

Dated: May 27, 2015
      New York, New York

                                      JAMES L. COTT
                                      United States Magistrate Judge

**A copy of this Report and Recommendation has been mailed to:**

Frank E. Texidor
14A2214
Bare Hill Corr. Facility
181 Brand Rd.
Malone, NY 12953